UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUD ROSSMAN, ESQ.,<br><br>                              Plaintiff,<br>           -against-<br><br>BENJAMIN NETANYAHU; "THE JEWS" MORE GENERALLY; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3,<br><br>                              Defendants. | 17-CV-7802 (CM)<br><br>ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. The Court grants Plaintiff's request to proceed *in forma pauperis* (IFP) but dismisses the complaint for the reasons set forth below. The Court also directs Plaintiff to show cause, by filing a written affirmation within thirty days of this order, why he should not be barred from filing any new action in this Court *in forma pauperis* without prior permission of the Court.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an IFP complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe *pro se* complaints liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that he was previously employed as an attorney but is now on "full medical disability." (Compl. at 3.) In his submission, Plaintiff makes slurs against women and various racial and ethnic groups. It is unclear what relief he seeks.

Plaintiff has repeatedly filed frivolous actions. *See Rossman v. Kinkead*, No. 15-CV-9208 (LAP) (S.D.N.Y. Nov. 20, 2015); *Rossman v. Scaramucci, et al.*, No. 15-CV-9560 (LAP) (S.D.N.Y. Dec. 9, 2015); *Rossman v. Rodway, et al.*, No. 15-CV-8980 (LAP) (S.D.N.Y. Feb. 17, 2016); *Rossman v. Bell, et al.*, No. 13-CV-8075 (LAP) (S.D.N.Y. Nov. 19, 2013). Plaintiff has also filed numerous actions in other courts that have been dismissed on the court's own motion. *See, e.g.*, *Rossman v. Ivanov*, No. 17-CV-785 (N.D. Miss. Sept. 27, 2017); *Rossman v. Chase Home Finance, LLC*, No. 12-CV-1084 (D.D.C. June 29, 2012); *Rossman v. Chase Home Finance LLC*, No. 3:12-CV-852 (D. Conn. July 30, 2012).

The Court has repeatedly warned Plaintiff that further frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651 barring him from filing new actions *in forma pauperis* without prior permission.

## DISCUSSION

The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible "whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 32-33; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 696

(2009). But a Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33.

Granting the complaint the liberal interpretation which it is due, the Court finds that there is no legal theory on which Plaintiff may proceed. Plaintiff's statement of claim does not suggest any cognizable constitutional or statutory injury. The complaint therefore must be dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

Moreover, the Court orders Plaintiff to show cause by affirmation why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this Court within thirty days of the date of this order, a written affirmation setting forth good cause why this Court should not impose a pre-filing injunction. Should Plaintiff fail to submit an affirmation within the time directed, or should Plaintiff's affirmation fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further actions IFP in this Court without first obtaining permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, to mail a copy of this order to Plaintiff, and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have thirty days to show cause by written affirmation why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. An Affirmation form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 13, 2017
New York, New York

COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address · City · State · Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2